IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IRA TAYLOR, | ) |
|     Petitioner, | )    Case No. 7:21-cv-00308 |
| v. | ) |
| | ) |
| J. C. STREEVAL, | )    By: Michael F. Urbanski |
|     Respondent. | )    Chief United States District Judge |

## MEMORANDUM OPINION

Ira Taylor, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Taylor challenges the validity of his conviction under 18 U.S.C. § 924(c) in the United States District Court for the District of Maryland. The respondent has filed a motion to dismiss the petition, arguing that the court lacks jurisdiction over the petition and that Taylor's claim lacks merit. ECF No. 6. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, it must be **DISMISSED**.

### I.  BACKGROUND

On February 21, 2013, a federal grand jury returned a three-count indictment against Taylor. See Indictment, United States v. Taylor, 1:13-cr-00078 (D. Md. Feb. 21, 2013), Dkt. No. 1.* Count One charged Taylor with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Id. at 1. Count Two charged him with distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C.

---

* All further docket references (Dkt. No.) in this section refer to the docket in the underlying criminal case.

§ 841(a)(1). Id. at 2. Count Three charged him with possession, brandishing, and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Id. at 3.

Taylor proceeded to trial in September 2013, and a jury convicted him on all three counts. Jury Verdict, Dkt. No. 90. With respect to Count Three, the jury found that Taylor brandished a firearm in the course of a drug trafficking crime but that he did not discharge the firearm. Id.

Taylor appeared for sentencing on February 21, 2014. The district court sentenced Taylor to 96 months' imprisonment on Counts One and Two, to run concurrently, and to 84 months' imprisonment on Count Three, to run consecutively, yielding a total sentence of 180 months. J., Dkt. No. 117. On March 11, 2014, the district court entered an amended judgment reflecting that sentence. Am. J., Dkt. No. 125.

Taylor appealed his convictions and sentence to the United States Court of Appeals for the Fourth Circuit. On December 9, 2014, the Fourth Circuit affirmed the amended criminal judgment. See United States v. Taylor, 594 F. App'x 784, 786 (4th Cir. 2014).

On December 8, 2015, Taylor moved to vacate his convictions under 28 U.S.C. § 2255. The district court denied the § 2255 motion on July 12, 2016, and on February 21, 2017, the Fourth Circuit denied a certificate of appealability and dismissed Taylor's appeal. See Order, Dkt. No. 152; United States v. Taylor, 677 F. App'x 110, 111 (4th Cir. 2017).

Taylor is presently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the instant petition under § 2241 on May 17, 2021. In the petition, Taylor claims that the district court constructively amended the indictment when it instructed the jury on the § 924(c) count and that he is therefore "statutor[ily] innocent of his § 924(c) conviction"

in light of the following decisions: United States v. Whitfield, 695 F.3d 288 (4th Cir. 2012); United States v. Tillmon, 954 F.3d 628 (4th Cir. 2019); and United States v. Aigbekaen, No. 1:15-cr-00462, 2020 U.S. Dist. LEXIS 143149 (D. Md. Aug. 11, 2020). Pet., ECF No. 1, at 2–4. Taylor further argues that he is entitled to seek relief under § 2241 based on the Fourth Circuit's decision in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 2.

## II. DISCUSSION

Generally, "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a petitioner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018).

The Fourth Circuit has crafted a three-part test for determining when a petitioner can challenge a federal conviction by way of the savings clause. In re Jones, 226 F.3d at 333–34. Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425 ("The savings clause . . . does not concern criteria for a successful § 2241 petition; rather, it provides whether that petition may be entertained to begin with.").

In this case, Taylor fails to meet the second requirement of the test set forth in In re Jones. He does not identify any post-conviction change in the substantive law that renders non-criminal the conduct of which he was convicted. Contrary to Taylor's assertions, none of the decisions cited in his petition enable him to satisfy this requirement.

The first decision, United States v. Whitfield, was issued on August 22, 2012, several months before Taylor was indicted by the grand jury and more than a year before he was convicted of the § 924(c) charge. Therefore, the case was not decided "subsequent to [Taylor's] direct appeal and first § 2255 motion," as required to invoke the savings clause. In re Jones, 226 F.3d at 334.

The second case, United States v. Tillmon, was decided by the Fourth Circuit after Taylor's direct appeal and first § 2255 motion. However, Tillmon did not change the law "such that the conduct of which [Taylor] was convicted is deemed not to be criminal." Id. Although the appellant in Tillmon appealed his conviction under § 924(c), he did not claim that the trial court's jury instructions constructively amended the indictment. Instead, the appellant's "sole argument" was that he did not commit the charged drug offense and therefore could not have committed the corresponding § 924(c) offense. Tillmon, 954 F.3d at 642. Having already determined that the evidence was sufficient to affirm the appellant's conviction for the underlying drug offense, the Fourth Circuit rejected this argument and affirmed the § 924(c)

conviction. In short, Tillmon did not alter existing substantive law, much less render Taylor's offense conduct noncriminal.

The third and final decision, United States v. Aigbekaen, is an unpublished decision from the District of Maryland. It is not binding precedent on any issue of law, and it did not change the law applicable to Taylor's § 924(c) conviction. In Aigbekaen, the district court summarily rejected the defendant's claim of constructive amendment of the indictment, finding it "untimely and inapposite." 2020 U.S. Dist. LEXIS 143149, at *11–12. Thus, Aigbekaen does not provide a basis for invoking the savings clause.

Because Taylor has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, his petition does not satisfy all of the requirements of In re Jones. Accordingly, Taylor cannot challenge the validity of his § 924(c) conviction under § 2241.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Taylor cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Taylor's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: December 17, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.12.17 13:03:53
-05'00'

Michael F. Urbanski
Chief United States District Judge